No. 1984

Second Circuit

—

## O'TOOLE v. EXCHANGE NATIONAL BANK

—

(March 11, 1926. Opinion and Decree.)
(April 10, 1926. Rehearing Refused.)

—

(*Syllabus by the Editor*)

1. **Louisiana Digest—Banks and Banking —Par. 56; Pleading—Par. 23, 62.**

In order for a plaintiff to recover a balance due on a deposit account with a bank it is necessary only that he allege that he had a deposit account with the bank and that a balance was due. If this is alleged an exception no cause of action will be dismissed.

2. **Louisiana Digest—Banks and Banking— Par. 56; Estoppel—Par. 30, 41, 53.**

In order for a depositor to be estopped from pleading that a bank paid checks drawn on one account with the funds of another account, it is necessary for the bank to show that the depositor not only had knowledge of such action (which would not necessarily flow from the rendition of a statement) but also that he expressly ratified the transaction.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo.

Action by James J. O'Toole against Exchange National Bank.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

C. B. Protho, of Shreveport, attorney for plaintiff, appellee.

Dickson & Denny & Wallace, Lyons & Peter, of Shreveport, attorneys for defendant, appellant.

## STATEMENT

WEBB, J. In this action the plaintiff sought to recover judgment against defendant in the sum of one thousand and thirty dollars ($1,030.00), with legal interest from judicial demand.

Plaintiff alleges that during the years 1920 and 1921 he had a personal deposit account with defendant, which was carried under his name, "James J. O'Toole", and during a part of the same period he also had with the defendant another account under the name of "James J. O'Toole, Trustee", in which latter account was carried funds belonging to a "trusteeship" existing between himself, W. T. Funderburk and W. F. Wallace, the latter being an officer of the bank.

That on the 15th of September, 1920, he drew a check on defendant for the sum of thirty dollars ($30.00) under the name, "James J. O'Toole, Trustee", and on May 9, 1921, he drew a like check for the sum of one hundred dollars ($100.00), which checks were paid by the defendant on September 22, 1920, and May 11, 1921, respectively, and debited against his personal account, James J. O'Toole.

That the defendant had made certain debits, as follows:

| | |
|---|---|
| Nov. 5, 1920 | $100.00 |
| Dec. 2, 1920 | 250.00 |
| Dec. 6, 1920 | 300.00 |
| Dec. 6, 1920 | 250.00 |

against his personal account, "James J. O'Toole", and had on same dates credited

the trustee account, "James J. O'Toole, Trustee", with the amounts.

That the action of the defendant was without warrant or authority, and that he had made demand upon the defendant to pay him the amount due of one thousand and thirty dollars ($1,030.00).

The defendant filed an exception of no cause of acton which, being overruled, it answered, alleging:

That the debits made against the "James J. O'Toole" account, and credits to the "James J. O'Toole, Trustee", account had been made on the orders of W. F. Wallace, a member of the "trusteeship", who was authorized by plaintiff to make same, and that plaintiff had full knowledge of such debits, and acquiesced therein, and that the funds thus placed in the "James J. O'Toole, Trustee", account had been withdrawn and checked out by plaintiff, and that he was estopped to contest the validity of such debits.

That on the dates when the checks drawn by plaintiff under the name of "James J. O'Toole, Trustee", for the respective amounts, of thirty and one hundred dollars, there were no funds to the credit of the "James J. O'Toole, Trustee", account, and that it had paid the checks out of the "James J. O'Toole" account, and had sent him statements showing the payments out of the "James J. O'Toole" account, and that he had not protested· against the action of defendant, and was estopped from contesting the validity of such payments.

On trial, judgment was rendered against defendant for the sum of one hundred and thirty dollars ($130.00), and it appealed.

## OPINION

The defendant urges that the exception of no cause of action should be sustained, and if not, that the judgment should be reversed on the evidence, which, it is contended, shows that the plaintiff had full knowledge of the action in making the debits to the "James J. O'Toole" account, and acquiesced therein.

The exception of no cause of action is pressed upon the ground that plaintiff did not allege that he had made deposits with the defendant.

The plaintiff alleged that he had a personal deposit account with defendant; that defendant had made unauthorized· debits against the account, and that it was indebted unto him to the extent of such unauthorized debits, and we think that the necessary deduction from the allegations, if true, was that a balance was due plaintiff on his deposit account.

We do not understand the defendant to contend that it was essential that plaintiff should have alleged each deposit that was made, and checks drawn against the deposits, and thus to have arrived at the amount due; but that it would have been sufficient for him to have alleged that he had a deposit account with the defendant, and that a balance was due, and we are of the opinion that the allegations were substantially to this effect, and, therefore, that the exception was properly overruled.

On the merits, the evidence establishes that W. F. Wallace was authorized to make the debits against the "James J. O'Toole" account, and to credit the "James J. O'Toole, Trustee", account with such amounts, and that plaintiff drew from the latter account the funds which had been thus transferred.

The evidence does not show that the defendant was authorized to pay the checks drawn by plaintiff against the "James J. O'Toole, Trustee", account from the funds deposited to the credit of the "James J.

O'Toole" account, although it does show that at the date these checks were presented for payment, there were not any funds deposited to the credit of the "James J. O'Toole, Trustee", account.

The evidence shows that the defendant recognized the two accounts as distinct, and that it knew that the funds to the credit of the accounts belonged to distinct persons.

The defendant does not contend that it had the right to pay checks drawn against one of the accounts from the funds credited to the other, but it contends that as there were no funds to the credit of the "James J. O'Toole, Trustee", account, when the checks were presented for payment, and that plaintiff, being personally liable to the holders of the checks, and having been rendered statement of the "James J. O'Toole" account showing the payment of the checks from the funds of that account, he is estopped from contesting the correctness of the account.

The witnesses for defendant did not state that statements were rendered plaintiff, and he said that the first he knew of the checks having been paid from his personal account was in January, 1921, and that he protested.

However, even should it be conceded that statements were rendered, we do not think plaintiff would be estopped. In order for a plea of estoppel to be sustained where the defendant pays from the funds of one depositor checks drawn against the funds of another, we are of the opinion that it would be necessary for the defendant to show that the depositor, from whose funds the payment was made, not only had knowledge of such action (which would not necessarily flow from the rendition of a statement) and that he expressly ratified the same.

The judgment is affirmed.